UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

    Plaintiff,

v.

A. OGBOONA,

    Defendant.

No. 2:20-cv-2229-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. For the reasons stated hereafter, plaintiff's application for leave to proceed in forma pauperis is granted but his complaint (filed and partially re-filed at ECF Nos. 14, 15, 18 at 11, and 25), must be dismissed with leave to amend.

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4 relief."  *Id.* § 1915A(b).

5       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
9 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12 U.S. 662, 679 (2009).

13       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
17 678.

18       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
23 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 <center>Screening Order</center>

26       Plaintiff alleges that on February 28, 2020, he refused to accept open "legal mail" sent to
27 him from the "Attorney General."  ECF No. 14 at 1.  Plaintiff asked the correctional officer who
28 /////

was attempting to deliver the mail – A. Ogboona – for her name. *Id.* She allegedly refused to tell plaintiff her name and left plaintiff's mail on the desk of another correctional officer. *Id.*

These allegations cannot survive screening. It does not appear from plaintiff's allegations that the Attorney General, in sending mail to plaintiff, was acting as counsel on behalf of plaintiff. Indeed, it is highly improbable that was the case. Thus, the mail at issue was not "legal mail" as defined by the courts. "Legal mail" in the context of the First Amendment generally applies to correspondence between a prisoner and his attorney or mail sent from a prisoner to a court. *See Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Significantly, non-legal mail can be properly opened outside of a prisoner's presence. *See Keenan*, at 1094. Plaintiff's claim then, is that he refused to accept his mail and as a result, he did not receive it. This is not a violation of plaintiff's federal statutory or constitutional rights. Plaintiff's complaint is dismissed with leave to amended for failure to state a claim upon which relief could be granted.

The court recognizes that plaintiff has filed (and in numerous instances, re-filed) various documents related to his prison appeals, medical care, and litigation activities. These filings seem to bear no relation to the allegations in the complaint. Even if they were relevant, they would not be helpful at this time. This case is in the pleading stage and there is no need for to prove his claims with evidence. At this stage, plaintiff is only required to provide notice of his claim through "a short and plain statement." Fed. R. Civ. P. 8(a). By inundating the court with exhibits and/or evidence, plaintiff burdens the court, confuses the records, and delays his lawsuit. If this action proceeds to a point where submission of evidence is appropriate, for example, summary judgment or trial, plaintiff will have the opportunity to submit necessary evidence. In amending his complaint, plaintiff need only file a first amended complaint (and nothing else), simply stating the facts upon which he alleges a defendant has violated his constitutional rights.

<div align="center">Leave to Amend</div>

Plaintiff may choose to file an amended complaint which comports with the foregoing screening order. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving her of a federal constitutional right.

3

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 29) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (filed and partially re-filed at ECF Nos. 14, 15, 18 at 11 & 25) is dismissed with leave to amend within 30 days from the date of service of this order; and

/////

/////

/////

4

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: January 25, 2021.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE